Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Yolanda Martinez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Yolanda Martinez, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. |  |
| Aetna Life Insurance Company; Bank of America Corporation; The Bank of America Long-term Disability Insurance Plan, |  |
| Defendants. |  |

Now comes the Plaintiff Yolanda Martinez (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2.      Plaintiff is a resident of Maricopa County, Arizona.

3.      Upon information and belief, Bank of America Corporation (hereinafter referred to as the "Company") sponsored, administered and purchased a group long term disability insurance policy (hereinafter referred to as the "Policy") which was fully insured by Aetna Life Insurance Company (hereinafter referred to as "Aetna").  The Company's purpose in sponsoring, administering and purchasing the Policy was to provide long term disability insurance for its employees.  Upon information and belief, the Aetna Policy may have been included in and part of an employee benefit plan, specifically named the Bank of America Long-term Disability Insurance Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits.  At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4.      Upon information and belief, Aetna functioned as the claim administrator of the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Aetna.

5.      Upon information and belief, Plaintiff alleges Aetna operated under a conflict of interest in evaluating her long term disability claim due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits.  Aetna's conflict existed in that if it found Plaintiff was disabled, it was then liable for the payment of her disability benefits.

-2-

6.     The Company, Aetna and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Arizona.

### *Venue*

7.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits she may be entitled to from the Plan and any other Company Plan, as a result of being found disabled in this action.

9.     After working for the Company as a loyal employee, Plaintiff became disabled on or about  January 11, 2013, due to serious medical conditions and was unable to work in her designated occupation as an AVP, Sr. Personal Banker.  Plaintiff has remained disabled as that term is defined in the relevant Policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10.     Following her disability, Plaintiff applied for short term disability benefits which have been exhausted.  Plaintiff then filed a claim for long term disability benefits under the relevant Policy, which provides the following definition of disability:

"Test of Disability:

From the date that you first become disabled and until Monthly Benefits are payable for 18 months, you will be deemed to be disabled on any day if:

- you are not able to perform the material duties of your own occupation solely because of: disease or injury; and
- your work earnings are 80% or less of your adjusted predisability earnings.

After the first 18 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:

- disease; or
- injury.

11.     In support of her claim for long term disability benefits, Plaintiff submitted to Aetna medical and lay-witness evidence which supported her allegation that she met any definition of disability as defined in the relevant Policy.

12.     Plaintiff submitted to Aetna a medical source statement and narrative letter dated January 27, 2014 from her current treating medical provider, who opined, "In my opinion, the severity of [Plaintiff's] symptoms completely prevented her from going to work.  She is still unable to work…"

13.     In addition to medical records, Plaintiff submitted three sworn affidavits from her husband, niece and friend, who all confirmed Plaintiff is unable to work in any occupation and also that her medical condition had not improved in any way since her date of disability.

14.     In a letter dated June 6, 2014, Aetna informed Plaintiff it was denying her claim for long term disability benefits.

15.     Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Aetna's June 6, 2014 denial of her disability claim.

16.     In support of her claim for long term disability benefits, Plaintiff submitted to Aetna additional medical and vocational evidence demonstrating she met any definition of disability set forth in the Policy.

17.     Plaintiff submitted to Aetna a December 22, 2014 medical source statement from her treating board certified physician, who confirmed it is her medical opinion Plaintiff

is markedly limited in her ability to perform a number of work related functions and that she would miss work "more than three or four times per month," which would render her unable to work in any occupation.

18.     Plaintiff also submitted to Aetna a November 24, 2014 checklist letter completed by her treating medical provider who confirmed it is her medical opinion, "…it is reasonable to assume [Plaintiff] has been unable to work in ***any occupation*** since January 11, 2013 and it is reasonable to assume she will be unable to sustain any gainful employment *indefinitely.* (original emphasis.)

19.     In support of her claim, Plaintiff also submitted to Aetna a December 12, 2014 checklist letter completed by her board certified family physician who also concluded Plaintiff has been unable to work in any occupation since January 11, 2013 and will continue to be unable to do so indefinitely.

20.     Further supporting her claim, Plaintiff submitted a July 16, 2014 evaluation from a physician who concluded after an extensive evaluation of Plaintiff and her medical conditions, "… [Plaintiff] remains unable to work in her recent occupation and her ability to work in even the lowest skilled occupations is unlikely…."

21.     Further supporting her claim, Plaintiff submitted a vocational report from a certified vocational expert dated December 5, 2014, who after reviewing Plaintiff's medical evidence and the definition of disability and interviewing Plaintiff concluded, "It is evident from a vocational perspective that [Plaintiff] is unable to work in any capacity."

22.     Plaintiff further submitted updated medical records from each of her treating providers and a list of her current medications, as well as the side effects they cause.

23.     As part of its review of Plaintiff's claim for long term disability benefits, Aetna obtained a medical records only "paper review" of Plaintiff's claim from a physician

of its choosing.  Defendants did not disclose to Plaintiff, either during the administrative review of her claim or following its final denial, the name of the reviewing physician.

24.     Upon information and belief, Plaintiff alleges the reviewing physician may be a long time medical consultant for the disability insurance industry and/or Aetna.  As a result, Plaintiff alleges the reviewing physician may have an incentive to protect his/her own consulting relationship with the disability insurance industry and/or Aetna by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

25.     In letters dated December 11, 2014 and December 29, 2014, in order to engage Aetna in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Aetna and the opportunity to respond to these reviews as well as to provide them to her treating physicians for their response prior to Aetna rendering a determination in her claim.

26.     Prior to rendering its final denial in Plaintiff's claim, Aetna never shared with Plaintiff the report authored by the reviewing physician and never engaged Plaintiff or her treating medical providers in a dialogue so she could either respond to the report and/or perfect her claim.  Aetna's failure to provide Plaintiff with the opportunity to respond to the reviewing physician's report precluded a full and fair review pursuant to ERISA.  Aetna's failure to disclose this information also is an ERISA procedural violation and of Ninth Circuit case law.

27.     In a letter dated April 28, 2015, Aetna notified Plaintiff it had denied her claim for long term disability benefits under the Policy.  In the letter, Aetna also notified

Plaintiff she had exhausted her administrative levels of review and could file a civil action lawsuit in federal court pursuant to ERISA.

28.     Upon information and belief, Plaintiff alleges Aetna's April 28, 2015 denial letter confirms it failed to provide a full and fair review, and in the process committed several procedural violations pursuant to ERISA for several reasons including, completely failing to credit, reference, consider, and/or selectively reviewing and de-emphasizing most, if not all of Plaintiff's reliable evidence.

29.     In evaluating Plaintiff's claim, Aetna had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [1]

30.     Aetna failed to adequately investigate Plaintiff's claim and failed to engage her in a dialogue during the appeal of her claim with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim.  Aetna's failure to investigate the claim and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

31.     Plaintiff believes Aetna provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to credit

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

Plaintiff's reliable evidence; failing to adequately investigate her claim; failing to have her examined by a medical professional when the policy allowed for one; providing one sided reviews of Plaintiff's claim that failed to consider all the evidence submitted by her and/or de-emphasizing medical evidence which supported Plaintiff's claim; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claim and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

32.     Plaintiff alleges the reason Aetna provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest that manifested as a result of the dual roles Aetna undertook as decision maker and payor of benefits and provided it with a financial incentive to deny her claim.

33.     Plaintiff is entitled to discovery regarding Aetna's aforementioned conflicts of interest and any individual who reviewed her claim and the Court may properly weigh and consider extrinsic evidence regarding the nature, extent and effect of any conflict of interest and/or ERISA procedural violation which may have impacted or influenced Aetna's decision to deny her claim.

34.     With regard to whether Plaintiff meets the definition of disability set forth in the Policy, the Court should review the evidence in Plaintiff's claim *de novo*, because even if the Court concludes the policy confers discretion, the unlawful violations of ERISA committed by Aetna as referenced herein are so flagrant they justify *de novo* review.

35.     As a direct result of Aetna's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost long term disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan, any other Company Plan and/or the Company as a result of being found disabled.  Plaintiff believes other potential employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependents.

36.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

37.     Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order requiring Defendants to pay Plaintiff her long term disability benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the Policy, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

B.     For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.     For such other and further relief as the Court deems just and proper.

DATED this 26th day of June, 2015.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
      Scott E. Davis
      Attorney for Plaintiff